**NOTE CHANGES MADE BY THE COURT**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; et al.<br><br>Plaintiffs,<br><br>v.<br><br>JASON MATEAS, an individual d/b/a Mini Parts Store; et al.<br><br>Defendants. | Case No.: 2:23-cv-00508-MCS-JC<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT JASON MATEAS AND DISMISSAL WITH PREJUDICE (ECF No. 23)** |

The Court, pursuant to Plaintiffs Bayerische Motoren Werke AG ("BMW AG") and BMW of North America, LLC's ("BMW NA") (collectively "Plaintiffs") and Defendant Jason Mateas ("Defendant") Stipulation to Entry of a Permanent Injunction Against Defendant Jason Mateas and Dismissal with Prejudice, **finds good cause to set aside the default entered against Defendant Jason Mateas and** hereby ORDERS, ADJUDICATES, and DECREES that a permanent injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   i. unlawfully copying, manufacturing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, transporting, distributing or otherwise dealing in any product or service that unlawfully uses, or otherwise makes any unlawful, unauthorized use of, any of BMW's trademarks, including but not limited to the **BMW**® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 2,816,178; 4,293,991; 5,333,863; 5,333,865; 5,333,899; 5,333,900), **1 SERIES**® (U.S.P.T.O. Reg. No. 3,256,742), **3 SERIES**® (U.S.P.T.O. 2,799,930), **5 SERIES**® (U.S.P.T.O. 2,799,929), **7 SERIES**® (U.S.P.T.O. Reg. No. 2,799,928), **8 SERIES**® (U.S.P.T.O. 5,644,496), **XDRIVE**® (U.S.P.T.O. Reg. No. 2,947,275), **M**® (U.S.P.T.O. Reg. Nos. 1,438,545; 3,526,899; 3,767,662; 3,767,663), **M3**® (U.S.P.T.O. Reg. No. 2,535,373; 2,758,102), **M5**® (U.S.P.T.O. Reg. No. 2,381,292; 2,683,596), **M6**® (U.S.P.T.O. Reg. No. 3,265,555), **X 1**® (U.S.P.T.O. Reg. No. 3,256,739), **X3**® (U.S.P.T.O. Reg. No. 2,867,087), **X5**® (U.S.P.T.O. Reg. No. 2,484,353; 2,826,976), **X5 M**® (U.S.P.T.O. Reg. No. 3,635,625), **BMW M**® (U.S.P.T.O. Reg. No. 4,541,350), **Z3**® (U.S.P.T.O. Reg. No. 2,203,053; 2,816,179), **Z4**® (U.S.P.T.O. Reg. No. 2,783,636; 2,848,370), **MINI COOPER**® (U.S.P.T.O. Reg. No. 2,376,477; 3,696,191), **MINI**® (U.S.P.T.O. Reg. No. 2,757,755; 2,746,570; 3,462,517; 3,507,903; 3,515,455; 4,352,147; 4,967,020), **MINI COUNTRYMAN**® (U.S.P.T.O. Reg. No. 4,283,367), **COUNTRYMAN**® (U.S.P.T.O. Reg. No. 3,972,790) and/or **CLUBMAN**® (U.S.P.T.O. Reg. No. 3,291,242) marks (collectively "BMW Trademarks"), and/or any intellectual property that is unlawfully confusingly or substantially similar to, or that constitutes an unlawful colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any

trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

      ii.    knowingly advertising or displaying images and/or photographs of infringing or non-genuine BMW products using BMW Trademarks;

      iii.    knowingly using BMW Trademarks, including but not limited to the BMW®, 1 SERIES®, 3 SERIES®, 5 SERIES®, 7 SERIES®, 8 SERIES®, XDRIVE®, M®, M3®, M5®, M6®, X 1®, X3®, X5®, X5 M®, BMW M®, Z3®, Z4®, MINI COOPER®, MINI®, MINI COUNTRYMAN®, COUNTRYMAN® and/or CLUBMAN® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products.  Defendant may, however, use "BMW" or other BMW wordmarks to advertise non-BMW products for sale with fair use descriptions such as 'for BMW automobiles' or 'fits BMW model _____,' or similar language, provided that "BMW" or any other BMW wordmarks that are used are in the identical font, format, size, and color as, and no more prominently displayed than the surrounding text.  In no event may any BMW, M and/or MINI logo, design mark, or other graphical BMW Trademarks be used by Defendant under this exception for;

      iv.    performing, or allowing others employed by Defendant or under Defendant's control to perform, any unlawful act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill.

      v.    knowingly engaging in any acts of trademark infringement, false designation of origin, dilution, unfair business practices under California law, or other act which would tend damage or injure Plaintiffs; and/or

      vi.    unlawfully using any Internet domain name, URL, or online seller name/ID that includes any BMW Trademarks.

2. Defendant is ordered to deliver to Plaintiffs immediately for destruction all infringing or non-genuine products bearing BMW Trademarks to the extent that any of these items are in Defendant's possession, custody, or control.

3. This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. **NO APPEALS.** No appeals shall be taken from this Permanent Injunction against Defendant, and Plaintiffs and Defendant waive all rights to appeal.

6. **NO FEES AND COSTS.** Plaintiffs and Defendant shall bear their own attorneys' fees and costs incurred in this matter.

7. **DISMISSAL.** Upon entry of this Permanent Injunction against Defendant, the case shall be dismissed with prejudice in its entirety based upon Plaintiffs' notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

///

8. **CONTINUING JURISDICTION BY THE COURT**. The Court shall retain jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction against Defendant~~, and any violation of the terms of the separate underlying Confidential Settlement Agreement between the Parties~~. **The Court declines to exercise discretion to retain jurisdiction over the parties' Confidential Settlement Agreement. See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc., 303 F.R.D. 337, 351 (E.D. Cal. 2014). Federal courts have no inherent power to enforce settlement agreements after dismissal, and "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378, 382 (1994).**

IT IS SO ORDERED, ADJUDICATED, and DECREED this 12th day of May 2023.

_/s/ Mark C. Scarsi_
Mark C. Scarsi
United States District Judge